Wheeler, J.
It is insisted for the plaintiff in error that the court erred — ■ 1st, In striking out and rejecting the interrogatories propounded to the plaintiffs; 2d, In proceeding to try tire case in Galveston county after the order for a change of venue.
1. The interrogatories do not appear to have been served upon the plaintiffs or their attorney of record, nor does it appear that either had notice of them until the cause was called for trial. They were then rightly stricken out, for the reason that they would have operated a surprise upon the plaintiffs and a continuance of the cause. And the court rightly refused to permit them to be then refiled for the same reason. That would have been, in effect, to have reversed the decision by which they were stricken out. If, after the subsequent continuance of the cause, the defendant liad asked leave to amend his answer and to propound interrogatories to the plaintiffs, there being then time to serve them before the next term, it would doubtless have been allowed him. But under the circumstances the interrogatories were rightly rejected.
2. After the order for a change of venue the parties appeared, disregarded the order, and proceeded to litigate the case to final judgment in the county of Galveston. The presumption is that they consented to waive the change of venue, as it doubtless was competent for Ihem to do.
Where a court has not jurisdiction of the subject-matter consent cannot give it. But if a party lias some privilege which exempts him from the j urisdiction, as, for instance, that of a defendant to be sued in the county of his residence, he may waive it if chooses; and though the court has not acquired jurisdiction of the person of the defendant by the service of process upon him, lie may appear and submit his person to the jurisdiction of the court, and if lie do so it will be a waiver of the objection. There can be no question in this case that the court liad jurisdiction of the subject-matter; nor can there be a question that it was competent for the parties, by consent, to waive the change of venue after having obtained the order for that purpose, to submit their persons to the jurisdiction' of the court in Galveston county, and to litigate their rights there. Having done so, the defendant cannot now object to the want of jurisdiction of his person in that county. .
It lias been held that where an indictment was found in one county and the case was tried in another, the record not showing a change of venue, nor that any objection was made to the jurisdiction of the court iii the latter comity, a change of venue will be presumed. (6 Blackf. R., 529.)
It surely is not going farther to presume that the order for a change of venue in this case was waived.
There is, we think, nothing in the objection tiiat to fix the liability of the defendant as indorser under the statute it was necessary to aver a demand of the maker. The statute prescribes a different mode of fixing the liability of the indorser, in which it is evident demand was not contemplated any more than notice.
There is no other question in the case deserving of attention. We are of opinion that the judgment be affirmed.
Judgment affirmed.