**Alois Edwin KOHUT, Appellant,**

v.

**MRS. BAIRD'S BAKERIES, INC.,
Appellee.**

**No. 563.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 15, 1972.

James T. Russell, Houston, for appellant.

William H. Payne, Fulbright, Crooker & Jaworski, Houston, for appellee.

TUNKS, Chief Justice.

The appellant, Alois Edwin Kohut, filed suit in the 113th District Court in Harris County, Texas, against Mrs. Baird's Bakeries, Inc., appellee, and George H. Atkinson who is not a party to this appeal, for personal injuries sustained. The two defendants responded to plaintiff's suit by separate instruments filed. Atkinson's response was an answer to the merits of the plaintiff's suit. Mrs. Baird's Bakeries, Inc., hereinafter called "Mrs. Baird's", responded by filing a plea of privilege to be sued in Tarrant County, Texas, the county in which it maintained its principal place of business, and, "subject to the foregoing plea of privilege", filed an answer to the merits. The plaintiff timely filed a controverting affidavit. On May 5, 1969, a hearing was had on the plea of privilege. The court reporter's transcription of the testimony heard has, at the end, the notation "(At this time argument was had, after which a ruling was made by the Court.)" There is nothing in the court reporter's transcription that purports to be a transcription of words spoken from the bench by the judge in making a ruling. The trial court's docket sheet has a notation dated May 5, 1969, "Hearing held on Plea of Privilege." The docket sheet has another notation dated May 26, 1969, "Defendant Mrs. Baird Bakeries Inc. motion on Plea of Privilege is sustained, as to that defendant case transferred to Tarrant County. *GEM*".

The trial judge did not sign any formal written order reciting his ruling on the plea of privilege until August 9, 1971. In the meantime Mrs. Baird's took the following listed procedural steps in the trial court.

On May 8, 1970, Mrs. Baird's, joined by the defendant, Atkinson, filed a motion for summary judgment on the merits of plain-

tiff's case. A hearing was had on that motion and it was overruled by order dated June 24, 1970. That order was approved by the signature of the attorney who represented both of the defendants.

On August 14, 1970, a written request for setting, signed by the attorney for both defendants, was made of the district clerk. That request was made by a printed form that included the following: "Please set the above entitled and numbered cause for trial on the merits on the General Docket for Monday, September 21, 1970.

"In accordance with Rule 3, Rules of the District Courts of Harris County, Texas, I hereby certify the following:

"(a) That the pleadings are in order;

. . . . . .

"(e) That all matters preliminary to trial have been accomplished;

. . . . . .

"(h) That the case is ready for trial."

On January 4, 1971, the two defendants, Mrs. Baird's and Atkinson, filed a joint amended answer to the merits of plaintiff's case. That answer was not made subject to Mrs. Baird's previously filed plea of privilege.

On February 2, 1971, another request for setting was made and signed by attorney for the defendants. It had the same certificate as the earlier one.

█ Vernon's Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) does not affect the jurisdiction of the Harris County District Court. That jurisdiction is fixed by constitution and by statute. Vernon's Ann.St. Tex.Const. art. 5, sec. 8; Tex.Rev.Civ. Stat.Ann. art. 1906 (1964). Since this cause of action, if any, first arose the Harris County District Court had, and still has, jurisdiction over the parties to and the subject matter of this case. Art. 1995 merely gives a defendant who does not reside in Harris County the privilege of being sued in the county of its residence except in certain stated exceptions listed in that and other statutes. By the provisions of art. 1995, on the defendant's proper assertion of that privilege while the case was pending, the Harris County District Court was temporarily prohibited from exercising its constitutional and statutory jurisdiction, except as to the venue question.

█ Since a defendant's privilege to have a suit against him tried in the county of his residence relates to venue and not to jurisdiction it can be waived by the defendant. That waiver may be express or it may be implied from the defendant's invoking the court's general jurisdiction. This waiver may occur though the defendant has filed a plea of privilege in due order of pleading. In Mooney Aircraft, Inc. v. Adams, 377 S.W.2d 123, 125 (Tex.Civ. App.—Dallas 1964, no writ) the court said:

"The accomplishment of a waiver of venue privilege may be either express or implied. An express waiver is shown by clear, overt acts evidencing an intent to waive. The determination of an implied waiver presents more problems than that of an express waiver. An implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon."

█ There can be no question in this case but that Mrs. Baird's took action inconsistent with its position on its plea of privilege. It invoked the court's general jurisdiction to render judgment on the merits. It filed and presented a motion for summary judgment, not on the venue of the case, but on the merits. It unconditionally answered to the merits and then asked the court to try the case on the merits, certifying that the case was ready for such trial. The appellee's contention is, however, that since the court had already rendered judgment in its favor on the ven-

ue issue at the time those steps were taken, they did not amount to a waiver.

In Texas & P. Ry. Co. v. Wood, 145 Tex. 534, 199 S.W.2d 652, 656 (1947), the Court said:

"It is admittedly true that a defendant can waive his privilege to be sued in his own domicile, as, for example, when he has prevailed upon the trial court to enter an order sustaining that right but later disregards the order and litigates the case to final judgment in the foreign forum. Frosh v. Holmes, 8 Tex. 29. A somewhat similar waiver is considered in Hosmer v. New York Buyers' Ass'n, Tex.Civ.App., 258 S.W. 853, error refused."

In the Frosh case, which was filed in Galveston County and is cited in the above quotation, the opinion recites that, "At the Spring Term, 1948, the defendant obtained an order for a change of venue to the county of Brazoria." (P. 29) Thereafter the case was tried on the merits and a judgment rendered against the defendant. On appeal the defendant took the position that "a change of venue was ordered, and consequently all subsequent proceedings were in error." (P. 29) The court said, "After the order for a change of venue the parties appeared, disregarded the order, and proceeded to litigate the case to final judgment in the county of Galveston. The presumption is that they consented to waive the change of venue, as it doubtless was competent for them to do." (P. 30) The Hosmer case, also cited in the above quotation from the Wood case, was not a plea of privilege case. There the plaintiffs filed a motion to transfer the case from one district court in Bexar County to another district court in the same county. The motion was granted and the case ordered transferred. Later the parties appeared, disregarded the order of transfer, and the case was tried on the merits and a final judgment was rendered against the plaintiffs in the court in which it was first filed. On appeal it was held that the plaintiffs had waived their right to have the case transferred.

The appellee distinguishes the Frosh and Hosmer cases on the fact that there the cases proceeded to judgment on the merits, without objection, after the change of venue and transfer were ordered. That distinction is not significant here. The only reason Mrs. Baird's motion for summary judgment did not result in a judgment on the merits was the fact that it was not granted. Also the requests of Mrs. Baird's that the case be tried on its merits in the Harris County District Court could have resulted in a judgment on the results if the case had been reached and tried. In those procedures Mrs. Baird's took action inconsistent with its position on the venue issue. Those actions were taken when the case on its merits was still pending. The case as to Mrs. Baird's had not been transferred. Mrs. Baird's actions invoked the Harris County District Court's jurisdiction to try the case on the merits. By those actions Mrs. Baird's "consented to waive the change of venue, as it doubtless was competent for them (it) to do."

The appellee cites Comet Aluminum Company v. Dibrell, 450 S.W.2d 56 (Tex. Sup.1970) as the authority which "settles the matter of the time in which a ruling becomes effective." It is the appellee's argument that the trial judge's ruling after the May 1969 hearing on its plea of privilege (either on May 5 or May 26) was a rendition of judgment on the venue issue so that the appellee's conduct thereafter did not waive its privilege to be sued in Tarrant County. The Comet holding does not support such argument. The Supreme Court there held that the trial judge could not grant a new trial more than 30 days after the date on which he had signed a formal, written judgment. (No motion for new trial was filed within the time required by Tex.R.Civ.P. 329b(1) ). The Court was there concerned with whether there had earlier been an informal rendi-

tion of judgment for the purpose of determining whether the formal judgment had in it a clerical error that could be corrected after the 30 days had ended.

Tex.R.Civ.P. 306a provides: "In determining the periods within which the various steps of an appeal must be taken, the date of rendition of a judgment or order shall be deemed to be the date upon which the written draft thereof was signed by the trial judge as stated therein." In Ex Parte Godeke, 163 Tex. 387, 355 S.W.2d 701 (1962) the Court held that a court would be authorized to set aside its judgment, on motion for new trial or on its own motion, at any time within the 30 day period following such rendition as would, under Rule 306a, start the running of the time within which to take appellate steps. During such 30 day period the case is still a pending case in the trial court. Such rule is applicable to a judgment on the venue issue. Williams v. Pitts, 151 Tex. 408, 251 S.W. 2d 148 (1952). In Kostura v. Kostura, 469 S.W.2d 196 (Tex.Civ.App.—Dallas 1971, no writ) the court said, at page 198: ". . . a judge has complete power to change his judgment judicially on his own motion until it becomes final upon expiration of the periods prescribed by Tex.R. Civ.Proc. 329b, Secs. 5, 6(c)."

Thus, at the time Mrs. Baird's took the steps that have been listed by which it invoked the jurisdiction of the Harris County District Court as to the merits of the case, the case was still pending in Harris County, not only as to the merits, but also as to the venue issue. At such times the judge could have set aside his informal judgment, Mrs. Baird's had the capacity to waive its benefits under that judgment and did so by such invoking of the court's general jurisdiction.

The judgment of the trial court sustaining the plea of privilege of Mrs. Baird's Bakeries, Inc. is reversed and judgment is here rendered that such plea be overruled.