NO. 07-01-0256-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 17, 2002

______________________________

MASON BRISTOL and JBW LAND and MINERALS, INC.,

Appellants

v.

PLACID OIL COMPANY,

Appellee

_________________________________

FROM THE 121st JUDICIAL DISTRICT FOR YOAKUM COUNTY;

NO. 6886; HON. KELLY G. MOORE, PRESIDING

_______________________________

MEMORANDUM OPINION

_______________________________

Before BOYD, C.J., QUINN and JOHNSON, J.J.

Mason Bristol and JBW Land and Minerals, Inc. (Bristol) appeal from a final judgment entered in favor of Placid Oil Company (Placid).  Their three points of error concern venue.  That is, Bristol contends that error occurred when venue was transferred from Tarrant to Yoakum County, Texas.  So too do they assert that any venue dispute was waived because Placid 1) did not timely secure a hearing on its motion to transfer and 2) invoked the judicial power of the Tarrant County court before the motion was granted.  We affirm.

Issue One – Propriety of Order Transferring Venue

Initially, Bristol contends that the cause should not have been transferred from Tarrant County.  He believes this is so because the mandatory venue provision described at §15.011 of the Texas Civil Practice and Remedies Code was inapplicable.
(footnote: 1)  Furthermore, it allegedly was inapplicable because he had only sought, via the suit, monetary damages as opposed to an interest in land.  We disagree.

Standard of Review

“In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits.”  
Tex. Civ. Prac. & Rem. Code Ann
.
 §15.064(b).  This statutory provision allows us to review the decision on a record different than that before the district court at the time it ruled upon the issue.  
Ruiz v. Conoco, Inc.
, 868 S.W.2d 752, 757 (Tex. 1993); 
Bleeker v. Villarreal
, 941 S.W.2d 163, 167 (Tex. App.–Corpus Christi 1996, pet. dism’d by agr.).  That is, we must independently review the “entire record to determine whether venue was proper in the ultimate county of suit.”  
Ruiz v. Conoco, Inc.
, 868 S.W.2d at 757-58.  So, if in reviewing the entire record we find any probative evidence illustrating that venue was proper in the county wherein judgment was entered, we must affirm the decision to transfer venue to that county.  
Id.
   Or, as stated by the Corpus Christi Court of Appeals, “our review considers only whether the venue ruling was ultimately vindicated by the fully developed record.”  
Bleeker v. Villarreal
, 941 S.W.2d at 167.  

Application of Standard

First, as mentioned in footnote one, suits to recover realty or an interest in realty must be filed in the county where all or part of the property is located.
  Tex. Civ. Prac. & Rem. Code Ann
.
 §15.011 (Vernon 1986).  Second, through his live pleading at the time of trial, Bristol sought, among other things, the imposition of a constructive trust “on the revenue received from the [oil] well in question 
and
 
the lease
 . . . .”  (Emphasis added).  Third, a constructive trust is a relationship with respect to property subjecting one who holds legal title to property “to convey it to another . . . .”  
Talley v. Howsley
, 176 S.W.2d 158, 160 (Tex. 1943).  Fourth, given the foregoing definition of a constructive trust, Bristol effectively demanded the conveyance of both the mineral leasehold at issue and revenue produced therefrom to himself.  Fifth, it is indisputable that an oil and gas lease constitutes an interest in land or realty.  
Jupiter Oil Co. v. Snow
, 819 S.W.2d 466, 468 (Tex. 1991).  Sixth, since a mineral lease constitutes an interest in land, logic dictates that Bristol’s demand for a constructive trust upon the lease was tantamount to an attempt to recover an interest in realty.  Seventh, since actions to recover an interest in realty must be filed in the county wherein the land is located and the land at bar was located in Yoakum County, then mandatory venue was in Yoakum County, the county where judgment was rendered.
(footnote: 2)         

In short, that the legislature intended to have disputes involving the ownership of land resolved in the county or counties wherein the land lay is clear.  Upon considering the entire record before us, we conclude that the legislature’s intent was fulfilled at bar.  The dispute regarding the interest in realty was resolved by the district court for the county wherein the land was located.  Thus, we cannot say that venue was improper.      

Issue Two and Three –Waiver of Right to Transfer

Delay

Bristol contends that Placid waived its venue complaint because it “did not secure” a timely hearing on its motion to transfer.  In support thereof, he cited authority imposing upon the movant an obligation to request a hearing within a reasonable time, 
Whitworth v. Kuhn
, 734 S.W.2d 108, 111 (Tex. App.–Austin 1987, no writ), and to pursue such a hearing.  
Grozier  v. L-B Sprinkler & Plumbing Repair
, 744 S.W.2d 306, 311 (Tex. App–Fort Worth 1988, writ denied).  Yet, as proof that the duties were breached, Bristol merely cites to the amount of time which lapsed between the date on which Placid filed its motion and the date on which the trial court eventually ruled on it; that period approximated 32 months.  Unmentioned by Bristol is the date on which Placid requested the hearing or the steps, if any, taken by the company to secure one.  Yet, our review of the file disclosed that Placid prayed that the matter “be set for hearing” in the closing paragraph of its motion and in its first amended answer filed on October 30, 1997.  So, to the extent that a movant “has the duty to request a setting,” 
Tex. R. Civ. P
.
 87(1), it appears that Placid sought one at least twice. Given this circumstance, the record does not support Bristol’s assertion in this respect.  

Nor does the record afford us evidence upon which to conclude that Placid somehow acted less than diligently in pursuing the matter once a hearing was sought.   Nor can one reasonably attribute non-feasance to the company simply because 32 months lapsed before the trial court ruled on the motion.  A myriad of things could have caused that delay.  It is quite possible that Placid did nothing.  Equally possible is that Placid diligently pursued resolution of its motion but that the trial court’s docket did not permit determination of the request.  Or, it could be that the trial court awaited Bristol’s response to the motion, which response was not filed until five weeks before the matter was formally submitted to the court.   In any case, the burden lay with Bristol to present us with an appellate record supporting his contention that Placid was less than diligent,  
In re Spiegel
, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.), and it did not.  Thus, to impute non-feasance to the oil company would be to act upon mere speculation, something we cannot do.  

Furthermore, it may be that delay in obtaining a hearing provides grounds for the trial court to deny a motion to transfer.  Yet, such a delay does not mean that the trial court 
must
 deny it.  It remains within its discretion to nevertheless entertain the motion on the merits if it so chooses.  
Kerrville State Hosp. v. Clark
, 900 S.W.2d 425, 430 n.2 (Tex. App.–Austin 1995), 
rev’d on other grounds
, 923 S.W.2d 582 (Tex. 1995).  Here, the court chose to entertain it, and, we cannot hold that it abused its discretion in doing so.  This is especially so given that Bristol nowhere asserts that the delay impaired his ability to defeat the motion.

Invocation of Trial Court’s Jurisdiction

Lastly, Bristol asserts that the trial court was obligated to deny the motion because Placid invoked “the judicial power of the Tarrant County Court in a manner inconsistent with a continuing intention to transfer venue.”  The manner in which it allegedly invoked that power was through filing a motion for summary judgment.  Yet, Placid expressly made its request for summary judgment subject to its motion to transfer venue.  Under that circumstance, seeking relief from the court did not result in waiver of the pending motion to change venue.  
General Motors Corp. v. Castaneda
, 980 S.W.2d 777, 783 (Tex. App.--San Antonio 1998, pet. denied) (holding that GM did not waive its motion to transfer because it stated in its later motions that same were subject to its venue motion).   

Next, the authorities cited by Bristol as support for his contention are inapposite.  For instance, the court in 
Kohut v. Mrs. Baird’s Bakeries, Inc.
, 478 S.W.2d 139 (Tex. Civ. App.--Houston [14th Dist.] 1972, no writ) was faced with a situation where Baird’s pursued summary judgment 
after its motion to transfer venue had been sustained.
  That did not occur here.  Nor was the case at bar actually tried on the merits before the venue issue was heard; that is what distinguishes 
Gentry v. Tucker
, 891 S.W.2d 766 (Tex. App.--Texarkana 1995, no writ) from the dispute before us.  Finally, 
Dossey v. Oehler
, 359 S.W.2d 624 (Tex. Civ. App.--Eastland 1962, writ dism’d w.o.j.) is readily distinguishable since the plea of privilege filed there was made subject to a plea in abatement.  That is, the defendant in 
Dossey
 first moved to abate the proceeding and then to transfer venue, stating that the latter was subject to the former.  In doing so, it ignored the concept of due order of pleadings.  Nothing like that happened here.

Accordingly, we overrule the three issues asserted by Bristol and affirm the judgment entered below.

Brian Quinn

    Justice

Publish."åßÑ
 An action for forcible detainer is the judicial procedure for determining the right to immediate possession of real property.  
Kennedy v. Highland Hills Apartments, 
905 S.W.2d 325, 326 (Tex.App.–Dallas 1995, no writ).  It exists to provide a speedy, simple and inexpensive means for settling the right to possession of premises.  
Id.
  

A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person:

(1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession;

 (2) is a tenant at will or by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease; or

 (3) is a tenant of a person who acquired possession by forcible entry.

Tex. Prop. Code Ann § 24.002(a)(1)-(3) (Vernon 2000).
 
 A prevailing landlord in a suit for forcible detainer “is entitled to a judgment for possession of the premises and a writ of possession.”  Tex. Prop. Code Ann. § 24.0061(a) (Vernon 2000).

A forcible detainer action depends on the existence of a landlord-tenant relationship.  
Haith v. Drake, 
596 S.W.2d 194, 196 (Tex.Civ.App.–Houston [1st Dist.] 1980, writ ref’d n.r.e.).  
Only proof of a superior right to immediate possession must be proved for the plaintiff to prevail in a forcible detainer action.  
Goggins v. Leo, 
849 S.W.2d 373, 377 (Tex.App.–Houston [14th Dist.] 1993, no writ).
 
 Accordingly, the sole matter in issue for resolution in a forcible detainer action is which party has the superior right to immediate access to the property.  
Fandey v. Lee, 
880 S.W.2d 164, 168 (Tex.App.–El Paso 1994, writ denied); 
Goggins, 
849 S.W.2d at 377
. 
  

District courts in Texas are courts of general jurisdiction, presumably having subject matter jurisdiction over a cause unless a contrary showing is made.  
Subaru of America, Inc. v. David McDavid Nissan, Inc.
, 84 S.W.2d 212, 220 (Tex. 2002), 
citing Dubai Petroleum Co. v. Kazi
, 12 S.W.3d 71, 75 (Tex. 2000).  Under our constitution and by statute, the district court’s jurisdiction “consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by [the constitution] or other law on some other court, tribunal, or administrative body.”  Tex. Const. art. V, § 8; Tex. Gov’t Code Ann. § 24.007 (Vernon 2004).
(footnote: 4)  The legislature has committed jurisdiction of a forcible detainer suit, however, exclusively to a justice court in the precinct where the property in question is located.  
Tex. Prop. Code Ann. § 24.004 (Vernon 2000); 
Tex. Gov’t Code Ann. § 27.031(a)(2) (Vernon 2004) (justice court has original jurisdiction of cases of forcible entry and detainer);
 McGlothlin v. Kliebert, 
672 S.W.2d 231, 232 (Tex. 1984) (referring to exclusive jurisdiction of justice court in forcible entry and detainer case); 
Haginas v. Malbis Memorial Foundation, 
163 Tex. 274, 354 S.W.2d 368, 371 (Tex. 1962) (forcible entry and detainer action must be instituted in justice court); 
Rice v. Pinney, 
51 S.W.3d 705, 712 (Tex.App.–Dallas 2001, no pet.)
 (jurisdiction “expressly” given to justice court)
; 
Mitchell v. Armstrong Capital Corp., 
911 S.W.2d 169, 171 (Tex.App.–Houston [1st Dist.] 1995, writ denied) (jurisdiction of forcible detainer suit is in justice court and on appeal, county court);
 
McCloud v. Knapp, 
507 S.W.2d 644, 647-648 (Tex.Civ.App.–Dallas 1974, no writ)
.
 
 

Where a claimed right of immediate possession necessarily requires resolution of a title dispute, the justice court lacks subject matter jurisdiction.  
Rice, 
51 S.W.3d at 709; 
Tex. R. Civ. P. 746.  
Because a forcible detainer action is not exclusive of other remedies, another possessory action, such as a suit for trespass to try title, may be brought in district court.  
Scott v. Hewitt, 
127 Tex. 31, 90 S.W.2d 816, 819 (Tex. 1936)
 (title may not be adjudicated in forcible entry and detainer proceeding but remedy is cumulative of any other remedy);  
Rice, 
51 S.W.3d at 709; Tex. Prop. Code Ann. §
 24.008 (suit for forcible detainer does not bar a suit for “trespass, damages, waste, rent, or mesne profits.”).
  And the district court may adjudicate a suit to try title concurrently with a forcible detainer action in justice court.  
Haith, 
596 S.W.2d at 196; 
Rice, 
51 S.W.3d at 709.

Here the parties and trial court looked to Government Code 
§ 24.471(b) as the origin of jurisdiction of the district court to try the forcible detainer suit.  In pertinent part the statute provides: 

The 294th District Court has concurrent jurisdiction with the county court in Van Zandt County over all matters of civil and criminal jurisdiction, original and appellate, in cases over which the county court has jurisdiction under the constitution and laws of this state.  Matters and proceedings in the concurrent jurisdiction of the 294th District Court and the county court may be filed in either court and all cases of concurrent jurisdiction may be transferred between the 294th District Court and the county court.  However, a case may not be transferred from one court to another without the consent of the judge of the court to which it is transferred, and a case may not be transferred unless it is within the jurisdiction of the court to which it is transferred.

Tex. Gov’t Code Ann. § 24.471(b) (Vernon 2004).
  We do not find this statute ambiguous.  It does not authorize, nor could it authorize, consistent with Property Code § 24.004, trial of a forcible detainer suit in the 294th district court.
(footnote: 5) 

Edom Corner argues the Tyler Court’s conditional grant of mandamus resolved any question of the district court’s subject matter jurisdiction and we are, therefore, precluded by the “law of the case” doctrine from considering the question of subject matter jurisdiction.  We disagree.

The “law of the case” doctrine is defined as that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages.  By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency.  The doctrine is based on public policy and is aimed at putting an end to litigation. 

Hudson v. Wakefield, 
711 S.W.2d 628, 630 (Tex. 1986) (citations omitted).  The doctrine is not a limitation on the power of the court.  
Devilla v. Schriver, 
245 F.3d 192, 197 (2d Cir. 2001). 
 Rather, as Justice Holmes long ago noted, it “merely expresses the practice of the courts generally to refuse to reopen what has been decided.”  
Messenger v. Anderson, 
225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912).   Application of the doctrine lies with the discretion of the court.  
Briscoe v. Goodmark Corp., 
102 S.W.3d 714, 716 (Tex. 2003). 

 The Fourteenth Court of Appeals rejected a contention like that made by Edom Corner here in 
Gantt v. Gantt, 
208 S.W.3d 27 (Tex.App.–Houston [14th Dist.] 2006, pet. denied)
.  
There, a party contended the law of the case doctrine precluded the Fourteenth Court from dismissing an appeal for lack of subject matter jurisdiction, based on a late notice of appeal.  
Id.
 at 30 n.4  According to the party’s argument, the Corpus Christi Court of Appeals, by issuing an opinion and judgment in a prior appeal in the case, must necessarily have concluded it had jurisdiction, establishing the law of the case.  
Id.
  The Fourteenth Court found the Corpus Christi Court had not expressly considered and decided the late-notice-of-appeal question, and found that court’s 
sub silentio
 exercise of jurisdiction was not law of the case.  
Id.

Our circumstance is similar.  While it might be said that implicit in the Tyler Court’s opinion is recognition that the trial court exercised subject matter jurisdiction by adjudicating the case, this was clearly not the narrow question presented or decided in the mandamus proceeding.  Indeed, the Tyler Court’s opinion states, “Edom [Corner] states that it agreed to the transfer [from justice court] and does not contend that the transfer was improper.”  
In re It’s the Berry’s
, 2006 WL 3020353, at *3, 2006 Tex. App. Lexis 9146, at *9. 
 We decline to utilize the law of the case doctrine to avoid review of the district court’s exercise of subject matter jurisdiction in the forcible detainer action.

Edom Corner also argues that Berry’s is judicially estopped to now challenge the subject matter jurisdiction of the trial court because in its petition for writ of mandamus it  alleged the lawsuit was one over which a district court has original jurisdiction.  Edom Corner asserts that Berry’s thus took inconsistent positions in the mandamus action and the instant appeal, and is estopped to do so.  We disagree for two reasons.  
First, 
“[s]ubject matter jurisdiction cannot be conferred by consent, waiver, or estoppel at any stage of a proceeding.”  
Tourneau Houston, Inc. v. Harris County Appraisal Dist., 
24 S.W.3d 907, 910 (Tex.App.–Houston [1st Dist.] 2000, no pet.) (
citing Fed. Underwriters Exch. v. Pugh, 
141 Tex. 539, 174 S.W.2d 598, 600 (Tex. 1943)).  
Second, and assuming Berry’s mandamus and appellate positions were contradictory, the mandamus proceeding is part of the present case and not a prior proceeding.  
See Pleasant Glade Assembly of God v. Schubert, 
No. 05-0916, 51 Tex. S.Ct. J. 1086, 2008 WL 2572009, at *6, 2008 Tex. Lexis 620, at *17
 (Tex. June 27, 2008).  The doctrine of judicial estoppel has no application to contradictory positions taken in the same proceeding. 
 Id. (citing Galley v. Apollo Associated Servs., Ltd., 
177 S.W.3d 523, 529 (Tex.App.–Houston [1st Dist.] 2005, no pet.)). 

The relief Edom Corner sought in the trial court was exclusive to Chapter 24 of the Property Code.  Tex. Prop. Code Ann. Chapter 24 Forcible Entry and Detainer (Vernon 2000 & Supp. 2007).  The district court was without subject matter jurisdiction to try Edom Corner’s forcible detainer suit.  We sustain Berry’s first issue.

In its eleventh issue, Berry’s challenges the award of attorney’s fees for Edom Corner and the denial of its request for attorney’s fees.  Specifically, Berry’s asserts it should have prevailed in the trial court and recovered attorney’s fees while Edom Corner should not have prevailed and was not entitled to recover attorney’s fees.  Because the district court lacked subject matter jurisdiction to adjudicate the forcible detainer action, that cause, including the award of statutory and contractual attorney’s fees and costs to Edom Corner, must be set aside and dismissed.  In the same way, the trial court had no jurisdiction to award attorney’s fees to Berry’s for defense of a forcible detainer action.  Berry’s does not contend the absence of an award of attorney’s fees under the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. Code § 37.009 (Vernon 1997), was error.  We sustain Berry’s eleventh issue as to the recovery of attorney’s fees by Edom Corner.  We overrule Berry’s eleventh issue as to its claim for attorney’s fees.

Conclusion

When a trial court lacks subject matter jurisdiction to render a judgment, the proper procedure on appeal is for the appellate court to set the judgment aside and dismiss the cause.  
See Dallas County Appraisal Dist. v. Funds Recovery, 
887 S.W.2d 465, 471 (Tex.App.–Dallas 1994) (
citing Fulton v. Finch, 
162 Tex. 351, 346 S.W.2d 823, 827 (1961)).  Finding the trial court lacked subject matter jurisdiction, we sever the forcible detainer case, vacate the judgment in the forcible detainer case, and dismiss the forcible detainer case.  Otherwise, we affirm the district court’s judgment.

James T. Campbell

Justice

FOOTNOTES
1:
The version of §15.011 in existence at the time suit was filed stated that:

[a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.  

Tex. Civ. Prac. & Rem. Code Ann
.
 §15.011 (Vernon 1986).

2:
To the extent that Bristol sought a constructive trust via an amended pleading filed after the cause was transferred from Tarrant to Yoakum County, the amendment would have entitled Placid to again seek transfer, assuming the Tarrant County district court had initially refused to transfer the proceedings. 
Gold v. Insall
, 8 S.W.2d 542, 543 (Tex. Civ. App.–Galveston 1928, writ dism’d w.o.j.) (stating that one who has previously waived an opportunity to transfer venue may regain such opportunity when the plaintiff amends his pleading to allege a new cause of action implicating a different venue provision).  Thus, irrespective of whether the demand for the trust had been asserted in Bristol’s initial pleading and retained throughout the cause or first mentioned in his last pleading, venue still lay in Yoakum County, 
i.e.
 the county wherein the land was located.

4:
5: