SMITH et al. v. W. T. CARTER & BRO.
et al.

No. 3589.

Court of Civil Appeals of Texas. Beaumont.
Jan. 24, 1940.

Rehearing Denied Oct. 9, 1940.

Jos. W. Moore, of Houston, Clem Fain, Jr., of Livingston, and Bryan, Suhr, Bering & Bell, of Houston, for appellants.

Baker, Botts, Andrews & Wharton, of Houston, and M. M. Feagin, of Livingston, for appellees.

O'QUINN, Justice.

This is an appeal from an order of the Special Ninth District Court of Polk County, Texas, overruling pleas of privilege filed by appellants therein.

W. T. Carter & Brother, a co-partnership composed of individuals, some of whom reside in Harris County, Texas, and others in Hayes County, Texas, and B. E. Quinn, who resides in Jefferson County, Texas, filed this suit in Polk County, Texas, against R. E. Smith, Chas. B. Gholson, Thos. M. Sessums, and Earl Short, all of whom reside in Harris County, Texas, and E. B. Sullivan, alleged to be a resident of Nueces County, Texas, but who, it appeared, was a resident of New Orleans, Louisiana, to recover certain land situated in Polk County, and damages for slander of title to said land.

Appellants Short, Gholson, Sessums, and Smith duly filed pleas of privilege to be sued in the county of their residence, Harris County, Texas.

Appellees duly filed their controverting affidavits incorporating their first amended

original petition therein by reference, and adopting all the allegations in said petition, and alleged venue in Polk County under Section 14 of Article 1995, R.C.S. 1925, for in that: (a) the suit was for the recovery of land or damages thereto, which land was situated in Polk County; and (b) the suit was one for the recovery of damages to land located in Polk County, Texas; and (c) the suit was one for trespass committed in Polk County, as permitted under Section 9, Article 1995.

Hearing on the pleas of privilege was set for and heard on June 1, 1939. On the hearing, in support of their right to maintain the suit in Polk County, appellees offered their first amended original petition, which had been incorporated by reference into the controverting affidavits, and an agreement by the parties that the land involved in the suit was situated in Polk County, Texas.

Appellants assign error against the judgment as being without sufficient support in the evidence, for in that appellees offered no evidence to support their controverting affidavits, hence the court erred in overruling the pleas of privilege.

The pleas of privilege being in proper form and sufficient in content, and properly verified, were prima facie proof of the facts therein stated, and entitled appellants to be sued in the county of their residence, Harris County, unless appellees controverted such facts by affidavit and by evidence establishing the existence of the facts constituting the exception to the general venue statute claimed. Cumming v. Chilson, Tex.Civ.App., 265 S.W. 1099. In other words, appellees, in order to sustain their right to maintain the suit in the county where it was brought must both plead and prove the facts conferring venue in that county. Greenville Gas & Fuel Co. v. Commercial Finance Co., 117 Tex. 124, 298 S.W. 550; Ottis Compton v. R. A. Elliott, 126 Tex. 232, 237, 88 S.W.2d 91; Duffy v. Cole Petroleum Co., 117 Tex. 387, 5 S.W.2d 495. Appellees introduced their first amended original petition. This merely showed the nature of their suit. It was not evidence of the existence of any fact therein alleged. Texas Mut. Reserve Life Ins. Co. v. Ormand, Tex.Civ.App., 115 S.W.2d 776; World Company v. Dow, 116 Tex. 146, 287 S.W. 241.

As the case will be reversed and remanded for another trial, we think it proper to make the following suggestions: Appellees alleged that they were the owners in fee simple of the land involved and that appellants entered upon the land and committed certain depredations and trespasses, and there was a prayer for judgment for the title and possession of the land but there was no allegation that appellants ousted appellees from the possession of the land. There being a controversy between the parties as to the nature of the suit, it being insisted by appellees that the suit is one in trespass to try title to the land and for damages to the land, and this contention being disputed by appellants, they contending that the suit is not one of trespass to try title, but one for damages because of alleged slander of title, we suggest that ouster should be alleged. Appellees also alleged that appellants entered upon the land and cut down and destroyed a large number of valuable trees growing on the land, but did not allege either the number nor the value of said trees. We think this should be alleged. Appellees also alleged the cutting and destroying of corner trees and line trees belonging to and identifying the true location of the land. No specific damages are alleged by these acts. This too should be specifically alleged.

We think it proper to state, as the case will have to be retried, that after careful consideration of the various items of damages alleged to have been caused by appellants to the land in question, and without an extended discussion of the question, we have concluded that the damages asserted to have grown out of the alleged slander of appellees' title to the land, will not sustain venue in Polk County for the reason that such damages do not constitute damages to the land within the meaning of Section 14 of Article 1995, Vernon Civil Statutes of 1925. Knight v. Houston & Texas Central Ry. Co., 93 Tex. 417, 55 S.W. 558; Ross v. Paine, Tex. Civ.App., 88 S.W.2d 736, writ dismissed.

The judgment is reversed and the cause remanded.