**T. O. DOSSEY et ux., Appellants,**

**v.**

**Chester A. OEHLER et al., Appellees.**

**No. 3736.**

Court of Civil Appeals of Texas.

Eastland.

July 27, 1962.

Rehearing Denied Sept. 7, 1962.

C. O. McMillan, Stephenville, for appellants.

Chester A. Oehler, Dallas, for appellees.

COLLINGS, Justice.

This is a plea of privilege case. T. O. Dossey and wife, Elizabeth Dossey, filed suit in the District Court of Erath County against Chester A. Oehler, Ferrell W. Beck and J. D. Thomas, Sheriff of Erath County, to set aside a certain purported sale of a royalty interest in 352 acres of land situated in that county. Plaintiffs also alleged that the purported levy and sale of such land was maliciously done by defendants Beck and Oehler and sought to recover alleged actual damages in the sum of $500.00 and an additional $500.00 as exemplary damages. The defendants, Chester A. Oehler and Ferrell W. Beck filed pleas of privilege to be sued in Dallas County, the alleged place of their residence. Such pleas were sustained and plaintiffs T. O. Dossey and Elizabeth Dossey have appealed.

Appellants present two points of error in which it is contended (1) that the court erred in sustaining the plea of privilege of Chester A. Oehler and, (2) erred in sustaining the plea of privilege of Ferrell W. Beck. We first consider the point concerning the plea of privilege of Ferrell W. Beck. In a pleading which Mrs. Beck denominated as her "plea of privilege and original answer", the first paragraph contains the following:

"Defendant Ferrell W. Beck says that this court ought not to have or take

further action or cognizance of this suit as to her than to dismiss the same for the reason that plaintiff is seeking to make a collateral attack on the transfer of property that is not void in connection with an execution arising out of a duly created court in Tarrant County, Texas, and therefore says this case should be in all things dismissed."

Immediately following the above quoted allegation, the instrument continues in paragraph 2 "without waiving the above and foregoing plea in abatement" with a statutory form of plea of privilege. At the end of such pleading Mrs. Beck closes with the prayer "that her plea in abatement be sustained and in the alternative that her plea of privilege be sustained."

■ Appellee Beck invoked the jurisdiction of the district court by presenting her plea in abatement prior to her plea of privilege. The plea of privilege was therefore waived. It is well settled that the presenting of a plea in abatement or other pleading in which a defendant invokes the active jurisdiction of the court is a waiver of a plea of privilege. Reed v. Garlington, Tex.Civ.App., 233 S.W.2d 185; Leyendecker v. Harlow, Tex.Civ.App., 189 S.W.2d 706; Chapa v. Cox, Tex.Civ.App., 271 S.W.2d 486; Foster v. H. O. Wooten Grocery Company, Tex.Civ.App., 273 S.W.2d 461. Where the pleadings are filed simultaneously with, but subject to a plea of privilege, and the plea of privilege is first presented to the court for hearing, it is not waived. Royal Petroleum Corporation et al. v. McCallum, 134 Tex. 543, 135 S.W. 2d 958. But that is not the fact situation here involved. Here the filing of the plea of privilege was subject to the plea in abatement which came first, and was therefore waived. Under these circumstances appellees' contention that the controverting affidavit of the Dosseys' was not timely filed is not material.

■ We next consider appellants' point complaining of the action of the court in sustaining the plea of privilege of Chester A. Oehler. We cannot agree with appellee Oehler's contention that the court properly sustained his plea of privilege because appellants did not timely file their controverting plea as required by Rule 86, Vernon's Tex.Rules Civ.Proc., Rule 86 provides in part as follows:

"A copy of such plea of privilege shall be served on the adverse party or his attorney of record by actual delivery in person to him or by mailing a copy of such pleading to him by registered mail return receipt requested. If such adverse party desires to controvert the plea of privilege, he shall within ten days after he or his attorney of record received the copy of the plea of privilege file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending."

The record shows that the plea of privilege of Chester A. Oehler was filed on December 15, 1961. Oehler did not deliver or have mailed a copy of his plea of privilege to appellants or their attorney as provided for in Rule 86. However, he sent appellants' copy of his plea of privilege to Judge Oxford and the District Clerk. The only showing of notice to appellants of the filing of Oehler's plea of privilege was the Judge's fiat which shows to have been filed and issued by the Judge on December 18, 1961. This fiat, directed to Hon. C. O. McMillan, attorney for appellants, purported to give notice that a hearing would be had on appellees' motions to sever, to disqualify Judge Oxford, and his plea of privilege on January 8, 1962. Appellants' controverting plea to Oehler's plea of privilege shows to have been filed on December 27, 1961, less than 10 days after the date of the Judge's fiat. There was no showing of any notice to appellants or their attorney McMillan concerning the Judge's fiat, but in any event, such notice must have been received after the issuance of the fiat which was less than 10 days prior to the filing of appel-

lants' controverting affidavit. We cannot agree with appellees' contention that under these circumstances appellants' controverting affidavit to Oehler's plea of privilege was not timely filed.

In appellants' controverting plea to Oehler's plea of privilege venue is claimed in the District Court of Erath County because the suit is one for recovery of land and to remove incumbrances upon the title to land and to quiet title to same. Subdivision 14 of Article 1995, Vernon's Ann.Tex.Civ.St., provides as follows:

"14. Lands.—Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie."

Two requirements are necessary to bring a case within the provisions of Subdivision 14: (1) the nature of the suit must come within the terms of the statute and (2) the land must be situated in the county in which venue is claimed. The question whether the nature of the suit complies with the statute is determined by the allegations of the plaintiffs' pleadings.

Appellants, the plaintiffs below, as basis for their cause of action alleged that an agreed judgment had been entered against them in favor of Ferrell W. Beck in the County Court at Law of Tarrant County on July 24, 1961, for the sum of $20.24, plus court cost; that, thereafter, on August 29, 1961, without notice to plaintiffs or their attorney, defendant Beck through her attorney caused an execution to be issued on the agreed judgment and delivered it to the Sheriff of Erath County, J. D. Thomas, with instructions to levy on all the right, title and interest of appellants or either of them in 352 acres of land, more or less, in Erath County; that Elizabeth Dossey at the time owned an undivided ½ of ⅛th royalty in the oil, gas and other minerals in and under said land; that the Sheriff undertook to make a levy but gave no notice to plaintiffs

either personally or by mail and published no notice in any newspaper, nor did he give any notice to the attorney who represented plaintiffs in the Tarrant County case; that without any knowledge on the part of appellants, said Sheriff, acting under the direction of Chester A. Oehler as attorney for Ferrell W. Beck, held a purported public sale of said real estate and undertook to sell same; that the only notice of the purported levy and sale was the posting of a single notice on the bulletin board at the courthouse in Stephenville, Texas. Appellants further alleged that Chester A. Oehler was present at the sale and bid $30.00 for the interest of Elizabeth Dossey in said land; that the bid was accepted, and that he procured a purported Sheriff's deed covering said royalty interest to him and filed same for record in the deed records of Erath County. Appellants further alleged that the value of the ⅛th royalty interest in question was more than fifty times the $30.00 bid on the property by Chester A. Oehler.

Appellants alleged that when they learned of such execution and sale they immediately filed this suit to set the sale aside, and tendered into the County Court at Law of Tarrant County, the full amount necessary for the payment of such judgment, interest and costs; that Ferrell W. Beck who was plaintiff in the Tarrant County judgment against appellants acted with full knowledge of all the facts; that a deed was thereafter filed for record in Erath County from Chester A. Oehler to Ferrell W. Beck purporting to convey the royalty interest to her. Appellants alleged that the purported sale was void, constituted a cloud on their title to the royalty interest here involved and prayed that such cloud be removed.

■■ In our opinion the nature of this suit comes within the terms of Subdivision 14 of the Venue Statute. In that it seeks to set aside the Sheriff's deed in question and to remove the cloud which it casts upon the title to appellants' land situated in Erath County. However, no error is shown

in sustaining Oehler's plea of privilege because Oehler has disclaimed any interest in such land for the reason that he has conveyed any interest he had therein to Mrs. Beck.

 Appellants' claim for actual and exemplary damages by reason of alleged maliciousness on the part of Beck and Oehler in accomplishing the sale of appellants' land is not a suit for damages to land and does not come within the provisions of Subdivision 14, Smith v. W. T. Carter & Bro., Tex.Civ.App., 146 S.W.2d 1113.

For the reasons stated the judgment is affirmed in so far as it sustained Oehler's plea of privilege but is reversed and rendered in so far as it sustained the plea of privilege of appellee Ferrell W. Beck.