NO. 07-01-0256-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 17, 2002
_____

MASON BRISTOL and JBW LAND and MINERALS, INC.,

Appellants

v.

PLACID OIL COMPANY,

Appellee
_____

FROM THE 121st JUDICIAL DISTRICT FOR YOAKUM COUNTY;

NO. 6886; HON. KELLY G. MOORE, PRESIDING
_____

*MEMORANDUM OPINION*
_____

Before BOYD, C.J., QUINN and JOHNSON, J.J.

Mason Bristol and JBW Land and Minerals, Inc. (Bristol) appeal from a final judgment entered in favor of Placid Oil Company (Placid). Their three points of error concern venue. That is, Bristol contends that error occurred when venue was transferred from Tarrant to Yoakum County, Texas. So too do they assert that any venue dispute was waived because Placid 1) did not timely secure a hearing on its motion to transfer and 2)

invoked the judicial power of the Tarrant County court before the motion was granted. We affirm.

### *Issue One – Propriety of Order Transferring Venue*

Initially, Bristol contends that the cause should not have been transferred from Tarrant County. He believes this is so because the mandatory venue provision described at §15.011 of the Texas Civil Practice and Remedies Code was inapplicable.[1] Furthermore, it allegedly was inapplicable because he had only sought, via the suit, monetary damages as opposed to an interest in land. We disagree.

*Standard of Review*

"In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." TEX. CIV. PRAC. & REM. CODE ANN. §15.064(b). This statutory provision allows us to review the decision on a record different than that before the district court at the time it ruled upon the issue. *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993); *Bleeker v. Villarreal*, 941 S.W.2d 163, 167 (Tex. App.–Corpus Christi 1996, pet. dism'd by agr.). That is, we must independently review the "entire record to determine whether venue was proper in the ultimate county of suit." *Ruiz v. Conoco, Inc.*, 868 S.W.2d at 757-58. So, if in reviewing the entire record we find any probative evidence illustrating that venue was proper in the county wherein judgment was entered, we must affirm the decision to transfer venue to that county. *Id.*

---

[1]The version of §15.011 in existence at the time suit was filed stated that:

> [a]ctions for recovery of real property or an estate or interest in real property, for partition of real property, to remove encumbrances from the title to real property, or to quiet title to real property shall be brought in the county in which all or a part of the property is located.

TEX. CIV. PRAC. & REM. CODE ANN. §15.011 (Vernon 1986).

Or, as stated by the Corpus Christi Court of Appeals, "our review considers only whether the venue ruling was ultimately vindicated by the fully developed record." *Bleeker v. Villarreal*, 941 S.W.2d at 167.

*Application of Standard*

First, as mentioned in footnote one, suits to recover realty or an interest in realty must be filed in the county where all or part of the property is located. TEX. CIV. PRAC. & REM. CODE ANN. §15.011 (Vernon 1986). Second, through his live pleading at the time of trial, Bristol sought, among other things, the imposition of a constructive trust "on the revenue received from the [oil] well in question *and the lease* . . . ." (Emphasis added). Third, a constructive trust is a relationship with respect to property subjecting one who holds legal title to property "to convey it to another . . . ." *Talley v. Howsley*, 176 S.W.2d 158, 160 (Tex. 1943). Fourth, given the foregoing definition of a constructive trust, Bristol effectively demanded the conveyance of both the mineral leasehold at issue and revenue produced therefrom to himself. Fifth, it is indisputable that an oil and gas lease constitutes an interest in land or realty. *Jupiter Oil Co. v. Snow*, 819 S.W.2d 466, 468 (Tex. 1991). Sixth, since a mineral lease constitutes an interest in land, logic dictates that Bristol's demand for a constructive trust upon the lease was tantamount to an attempt to recover an interest in realty. Seventh, since actions to recover an interest in realty must be filed in the county wherein the land is located and the land at bar was located in Yoakum

3

County, then mandatory venue was in Yoakum County, the county where judgment was rendered.[2]

In short, that the legislature intended to have disputes involving the ownership of land resolved in the county or counties wherein the land lay is clear. Upon considering the entire record before us, we conclude that the legislature's intent was fulfilled at bar. The dispute regarding the interest in realty was resolved by the district court for the county wherein the land was located. Thus, we cannot say that venue was improper.

### Issue Two and Three –Waiver of Right to Transfer

*Delay*

Bristol contends that Placid waived its venue complaint because it "did not secure" a timely hearing on its motion to transfer. In support thereof, he cited authority imposing upon the movant an obligation to request a hearing within a reasonable time, *Whitworth v. Kuhn*, 734 S.W.2d 108, 111 (Tex. App.–Austin 1987, no writ), and to pursue such a hearing. *Grozier v. L-B Sprinkler & Plumbing Repair*, 744 S.W.2d 306, 311 (Tex. App–Fort Worth 1988, writ denied). Yet, as proof that the duties were breached, Bristol merely cites to the amount of time which lapsed between the date on which Placid filed its motion and the date on which the trial court eventually ruled on it; that period approximated 32 months. Unmentioned by Bristol is the date on which Placid requested the hearing or the steps, if

---

[2]To the extent that Bristol sought a constructive trust via an amended pleading filed after the cause was transferred from Tarrant to Yoakum County, the amendment would have entitled Placid to again seek transfer, assuming the Tarrant County district court had initially refused to transfer the proceedings. *Gold v. Insall*, 8 S.W.2d 542, 543 (Tex. Civ. App.–Galveston 1928, writ dism'd w.o.j.) (stating that one who has previously waived an opportunity to transfer venue may regain such opportunity when the plaintiff amends his pleading to allege a new cause of action implicating a different venue provision). Thus, irrespective of whether the demand for the trust had been asserted in Bristol's initial pleading and retained throughout the cause or first mentioned in his last pleading, venue still lay in Yoakum County, *i.e.* the county wherein the land was located.

any, taken by the company to secure one. Yet, our review of the file disclosed that Placid prayed that the matter "be set for hearing" in the closing paragraph of its motion and in its first amended answer filed on October 30, 1997. So, to the extent that a movant "has the duty to request a setting," TEX. R. CIV. P. 87(1), it appears that Placid sought one at least twice. Given this circumstance, the record does not support Bristol's assertion in this respect.

Nor does the record afford us evidence upon which to conclude that Placid somehow acted less than diligently in pursuing the matter once a hearing was sought. Nor can one reasonably attribute non-feasance to the company simply because 32 months lapsed before the trial court ruled on the motion. A myriad of things could have caused that delay. It is quite possible that Placid did nothing. Equally possible is that Placid diligently pursued resolution of its motion but that the trial court's docket did not permit determination of the request. Or, it could be that the trial court awaited Bristol's response to the motion, which response was not filed until five weeks before the matter was formally submitted to the court. In any case, the burden lay with Bristol to present us with an appellate record supporting his contention that Placid was less than diligent, *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.–Amarillo 1999, no pet.), and it did not. Thus, to impute non-feasance to the oil company would be to act upon mere speculation, something we cannot do.

Furthermore, it may be that delay in obtaining a hearing provides grounds for the trial court to deny a motion to transfer. Yet, such a delay does not mean that the trial court *must* deny it. It remains within its discretion to nevertheless entertain the motion on the merits if it so chooses. *Kerrville State Hosp. v. Clark*, 900 S.W.2d 425, 430 n.2 (Tex.

App.–Austin 1995), *rev'd on other grounds*, 923 S.W.2d 582 (Tex. 1995). Here, the court chose to entertain it, and, we cannot hold that it abused its discretion in doing so. This is especially so given that Bristol nowhere asserts that the delay impaired his ability to defeat the motion.

*Invocation of Trial Court's Jurisdiction*

Lastly, Bristol asserts that the trial court was obligated to deny the motion because Placid invoked "the judicial power of the Tarrant County Court in a manner inconsistent with a continuing intention to transfer venue." The manner in which it allegedly invoked that power was through filing a motion for summary judgment. Yet, Placid expressly made its request for summary judgment subject to its motion to transfer venue. Under that circumstance, seeking relief from the court did not result in waiver of the pending motion to change venue. *General Motors Corp. v. Castaneda*, 980 S.W.2d 777, 783 (Tex. App.-- San Antonio 1998, pet. denied) (holding that GM did not waive its motion to transfer because it stated in its later motions that same were subject to its venue motion).

Next, the authorities cited by Bristol as support for his contention are inapposite. For instance, the court in *Kohut v. Mrs. Baird's Bakeries, Inc.*, 478 S.W.2d 139 (Tex. Civ. App.--Houston [14th Dist.] 1972, no writ) was faced with a situation where Baird's pursued summary judgment *after its motion to transfer venue had been sustained.* That did not occur here. Nor was the case at bar actually tried on the merits before the venue issue was heard; that is what distinguishes *Gentry v. Tucker*, 891 S.W.2d 766 (Tex. App.-- Texarkana 1995, no writ) from the dispute before us. Finally, *Dossey v. Oehler*, 359 S.W.2d 624 (Tex. Civ. App.--Eastland 1962, writ dism'd w.o.j.) is readily distinguishable

6

since the plea of privilege filed there was made subject to a plea in abatement. That is, the defendant in *Dossey* first moved to abate the proceeding and then to transfer venue, stating that the latter was subject to the former. In doing so, it ignored the concept of due order of pleadings. Nothing like that happened here.

Accordingly, we overrule the three issues asserted by Bristol and affirm the judgment entered below.

Brian Quinn
Justice

Publish.