NO. 07-09-0113-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 30, 2009

______________________________


IN RE HARVEY BRAMLETT, RELATOR

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ORDER OF ABATEMENT
Â Â Â Â Â Â Â Â Â Â Relator, Harvey Bramlett, proceeding pro se and in forma pauperis, seeks a writ of
mandamus to compel the Honorable Abe Lopez to rule on motions pending in the 108th
District Court of Potter County, Texas. The motions are dated February 19, 2009. On our
own motion, we take judicial notice that, effective January 1, 2009, the Honorable Douglas
Woodburn now holds the office as Judge Lopezâs successor.


 
Â Â Â Â Â Â Â Â Â Â A writ of mandamus is an order directed personally to the respondent. In re
Roseland Oil & Gas, Inc., 68 S.W.3d 784, 786 (Tex.App.âEastland 2001, orig. proceeding)
(â[m]andamus is personal to the judgeâ). Accordingly, â[m]andamus will not issue against
a new judge for what a former one did.â In re Baylor Med. Ctr. at Garland, No. 06-0491,
2008 WL 3991132, at *1(Tex. Aug. 29, 2008) (orig. proceeding) (citing State v. Olsen, 163
Tex. 449, 360 S.W.2d 402, 403 (1962) (orig. proceeding)). Rule 7 of the Texas Rules of
Appellate Procedure pertains to the substitution of parties in pending appeals and original
proceedings. Tex. R. App. P. 7. In part, Rule 7 provides that during an original proceeding
against a public officer in an official capacity, if the officer ceases to hold office, the officerâs
successor is automatically substituted as a party and âthe court must abate the proceeding
to allow the successor to reconsider the original partyâs decision.â See Tex. R. App. P.
7.2(a) and (b). See also In re Whitfield, 134 S.W.3d 314, 315 (Tex.App.âWaco 2003, orig.
proceeding).
Â Â Â Â Â Â Â Â Â Â Accordingly, we order the substitution of Judge Woodburn as Respondent in this
original proceeding, see Tex. R. App. P. 7(a), and abate the case for sixty days from the
date of this order. During the period of abatement, Relator shall present to Judge
Woodburn the requests made the subject of his pending petition for writ of mandamus,
obtain a ruling on each, and amend his petition to comply with Rule 53.2 of the Texas
Rules of Appellate Procedure.


 
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â Â Â Â Â Per Curiam
Â 



. 

 Nor does the record afford us evidence upon which to conclude that Placid
somehow acted less than diligently in pursuing the matter once a hearing was sought. Nor
can one reasonably attribute non-feasance to the company simply because 32 months
lapsed before the trial court ruled on the motion. A myriad of things could have caused
that delay. It is quite possible that Placid did nothing. Equally possible is that Placid
diligently pursued resolution of its motion but that the trial court's docket did not permit
determination of the request. Or, it could be that the trial court awaited Bristol's response
to the motion, which response was not filed until five weeks before the matter was formally
submitted to the court. In any case, the burden lay with Bristol to present us with an
appellate record supporting his contention that Placid was less than diligent, In re Spiegel,
6 S.W.3d 643, 646 (Tex. App.-Amarillo 1999, no pet.), and it did not. Thus, to impute non-feasance to the oil company would be to act upon mere speculation, something we cannot
do. 

 Furthermore, it may be that delay in obtaining a hearing provides grounds for the
trial court to deny a motion to transfer. Yet, such a delay does not mean that the trial court
must deny it. It remains within its discretion to nevertheless entertain the motion on the
merits if it so chooses. Kerrville State Hosp. v. Clark, 900 S.W.2d 425, 430 n.2 (Tex.
App.-Austin 1995), rev'd on other grounds, 923 S.W.2d 582 (Tex. 1995). Here, the court
chose to entertain it, and, we cannot hold that it abused its discretion in doing so. This is
especially so given that Bristol nowhere asserts that the delay impaired his ability to defeat
the motion.

 Invocation of Trial Court's Jurisdiction

 Lastly, Bristol asserts that the trial court was obligated to deny the motion because
Placid invoked "the judicial power of the Tarrant County Court in a manner inconsistent
with a continuing intention to transfer venue." The manner in which it allegedly invoked
that power was through filing a motion for summary judgment. Yet, Placid expressly made
its request for summary judgment subject to its motion to transfer venue. Under that
circumstance, seeking relief from the court did not result in waiver of the pending motion
to change venue. General Motors Corp. v. Castaneda, 980 S.W.2d 777, 783 (Tex. App.--San Antonio 1998, pet. denied) (holding that GM did not waive its motion to transfer
because it stated in its later motions that same were subject to its venue motion). 

 Next, the authorities cited by Bristol as support for his contention are inapposite. 
For instance, the court in Kohut v. Mrs. Baird's Bakeries, Inc., 478 S.W.2d 139 (Tex. Civ.
App.--Houston [14th Dist.] 1972, no writ) was faced with a situation where Baird's pursued
summary judgment after its motion to transfer venue had been sustained. That did not
occur here. Nor was the case at bar actually tried on the merits before the venue issue
was heard; that is what distinguishes Gentry v. Tucker, 891 S.W.2d 766 (Tex. App.--Texarkana 1995, no writ) from the dispute before us. Finally, Dossey v. Oehler, 359
S.W.2d 624 (Tex. Civ. App.--Eastland 1962, writ dism'd w.o.j.) is readily distinguishable
since the plea of privilege filed there was made subject to a plea in abatement. That is, the
defendant in Dossey first moved to abate the proceeding and then to transfer venue,
stating that the latter was subject to the former. In doing so, it ignored the concept of due
order of pleadings. Nothing like that happened here.

 Accordingly, we overrule the three issues asserted by Bristol and affirm the
judgment entered below.


 Brian Quinn

 Justice



Publish.
1. The version of §15.011 in existence at the time suit was filed stated that:


 [a]ctions for recovery of real property or an estate or interest in real property, for partition
of real property, to remove encumbrances from the title to real property, or to quiet title to
real property shall be brought in the county in which all or a part of the property is located. 


Tex. Civ. Prac. & Rem. Code Ann. Â§15.011 (Vernon 1986).
2. To the extent that Bristol sought a constructive trust via an amended pleading filed after the cause
was transferred from Tarrant to Yoakum County, the amendment would have entitled Placid to again seek
transfer, assuming the Tarrant County district court had initially refused to transfer the proceedings. Gold v.
Insall, 8 S.W.2d 542, 543 (Tex. Civ. App.-Galveston 1928, writ dism'd w.o.j.) (stating that one who has
previously waived an opportunity to transfer venue may regain such opportunity when the plaintiff amends his
pleading to allege a new cause of action implicating a different venue provision). Thus, irrespective of whether
the demand for the trust had been asserted in Bristol's initial pleading and retained throughout the cause or
first mentioned in his last pleading, venue still lay in Yoakum County, i.e. the county wherein the land was
located.