NUMBER 13-10-00326-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI—EDINBURG

______________________________________________________________________

CHRISTUS
HEALTH,                                                                              Appellant,

v.



ROSALINDA RAGSDALE,                                                                    Appellee.

 



 

On appeal from the 319th District Court

of Nueces County, Texas

______________________________________________________________________

 

MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez and
Perkes

Memorandum Opinion by Justice Perkes

 

        Rosalinda Ragsdale, Appellee
(“Ragsdale”) filed suit against CHRISTUS Spohn Health System Corporation (“CHRISTUS Spohn”) to
recover for injuries she suffered while working as a nurse at CHRISTUS Spohn
Hospital Corpus Christi—Memorial.  During arbitration, CHRISTUS Health appeared,
and stated there was a misnomer and that it was the correct party.  Based upon
that and other representations, the arbitrator entered an award in the sum of
$348,843.00 in damages against CHRISTUS Health.[1]  The trial court
confirmed the arbitration
award.  By one issue, CHRISTUS Health argues that the trial court
erred in granting Ragsdale’s motion to confirm the arbitration award.  We
affirm.

I.      Factual and
Procedural Background

            Ragsdale worked as a nurse at CHRISTUS
Spohn Hospital Corpus Christi—Memorial in Corpus Christi, Texas, where she
sustained an on-the-job injury.  On June 20, 2008, Ragsdale sued CHRISTUS Spohn
in the trial court for her injuries.  On July 24, 2008, CHRISTUS Spohn filed
its original answer, subject to its motion to compel arbitration.  The parties subsequently
agreed to arbitrate.  On September 28, 2008, the trial court granted the
parties’ agreed motion to abate.[2] 
On June 4-5, 2009, an evidentiary hearing was held in the arbitration.  During the
arbitration, CHRISTUS Health’s counsel stated that a “misnomer” of CHRISTUS
Health’s name existed, but that it “. . . makes no difference in terms of the
coverage of the claim or anything at all . . . and it has no bearing whatsoever
on any of the substantive issues in the case here,” and that the parties would
correct it by agreement.[3] 
The parties thereafter entered into a written stipulation which stated:  

The parties acknowledge that the parties are not
properly named under the current arbitration pleadings.  Thus, the parties have
agreed to stipulate that the properly named parties are Claimant, Rosalinda
Ragsdale and Respondent, CHRISTUS Health.  In so doing, the parties also agree
that claims against the improperly named party, Respondent CHRISTUS Spohn
Health System d/b/a CHRISTUS Spohn Hospital Corpus Christi—Shoreline, are
dismissed with prejudice.  The parties request that the Arbitrator take
whatever steps are necessary to effectuate the proper naming of parties and the
dismissal.[4] 


 

On September 16, 2009, the arbitrator entered an award in
favor of Ragsdale and against CHRISTUS Health in the amount of $343,843.00,
plus costs.  In its award, the arbitrator stated: 

It is further ordered, pursuant to the agreed
stipulation of the parties, that name of the Claimant is Rosalina [sic] Ragsdale
and the correct name of the Respondent is CHRISTUS Health.  Pursuant to the
parties’ agreement the claims against the improperly named party, CHRISTUS
Spohn Health Stytem [sic] d/b/a CHRISTUS Spohn Hospital Corpus
Christi—Shoreline are dismissed with prejudice. 

 

On December 22, 2009, CHRISTUS Health, ignoring the Nueces
County lawsuit, filed a new lawsuit in Harris County, seeking to vacate the
arbitration award.  Ragsdale challenged venue.  On April 22, 2010, the Harris
County district court issued an order denying Ragsdale’s motion to transfer
venue, but also stated: 

[a motion to transfer venue] is not the appropriate
procedural motion under the facts and circumstances described by the parties in
this case.  The Court further finds that the proper procedural motion would
instead be a plea in abatement.  It is the Court’s intention to grant such a
plea should it be later be [sic] requested by any party.  This would permit the
319th District Court of Nueces County, Texas, (in Cause Number
08-3021-G) to proceed regarding all matters concerning the arbitration made the
basis of this suit.  

 

The Harris
County district court subsequently abated CHRISTUS Health’s lawsuit based upon
an agreement of the parties.

            Meanwhile,
on March 5, 2010, Ragsdale filed a motion to confirm the arbitration award in
the pending Nueces County lawsuit and obtained a May 17, 2010 hearing date.  On
May 13, 2010, CHRISTUS Health filed a motion to transfer venue.  On May 14,
2010, CHRISTUS Health filed a motion for continuance, and CHRISTUS Spohn filed
an objection to Ragsdale’s motion to confirm the arbitration award and, in the
alternative, motion to dismiss.  On May 17, 2010, the trial court held a
hearing and entered an order confirming the arbitration award and final
judgment.  This appeal followed.[5]     


II.  Issue Presented

            By
a single issue, CHRISTUS Health argues the trial court erred by
granting Ragsdale’s motion to confirm the arbitration award.  It asserts four
sub-issues in support of its argument:  (1) whether the trial court had
jurisdiction to enter a judgment against CHRISTUS Health; (2) whether the trial court should have deferred to the Harris
County district court; (3) whether the trial court erred by refusing to grant a
hearing on CHRISTUS Health’s motion to transfer venue; and
(4) whether the trial court abused its discretion in denying CHRISTUS Health’s motion for continuance.  

 

 

 

III.  Analysis

A.          
Jurisdiction
Over CHRISTUS Health

In its first sub-issue, CHRISTUS Health argues that the trial court was without jurisdiction to render a
judgment against CHRISTUS Health because it was neither named as
a party nor served as a party in the Nueces County lawsuit.  It further argues that
it is a separate corporation from CHRISTUS Spohn and that the two entities cannot be legally interchanged,
and that it was fundamental error for the trial court to render judgment
against a party not before it.  

To render a binding judgment, a court must have both subject
matter jurisdiction over the controversy and personal jurisdiction over the
parties. See Spir Star AG v. Kimich, 310 S.W.3d 868,
871 (Tex. 2010) (special appearance).[6] 
Whether a court has personal jurisdiction over a defendant is determined as a
matter of law, which appellate courts review de novo.  Id.  When, as
here, a trial court does not issue findings of fact or conclusions of law
regarding its determination, we presume that all factual disputes were resolved
in favor of the trial court’s ruling.  Id. at 872–73.     

Under the Federal Arbitration Act (“FAA”), a state court can
exercise jurisdiction to confirm an arbitration award as long as doing so is
consistent with the parties’ arbitration agreement.  See 9 U.S.C.A. § 9
(2009); Palisades Acquisitions XVI, LLC v. Chatman, 288 S.W.3d 552, 556
(Tex. App.—Houston [14th Dist.] 2009, no pet.).  Here, the parties do not
contend confirmation in state court is inconsistent with their arbitration
agreement—they argue which state court was the proper forum for the
confirmation hearing.  Under the FAA, a state court that exercised its
jurisdiction to compel arbitration of a dispute under the FAA retains
jurisdiction to confirm the arbitrator’s award in the same dispute.  See generally,
Chatman, 288 S.W.3d at 555–56 (discussing scope of state courts’
jurisdiction to confirm arbitration awards under the FAA); Credigy
Receivables, Inc. v. Mahinay, 288 S.W.3d 565, 567–68 (Tex. App.–Houston
[14th Dist.] 2009, no pet.) (same); Lesser Towers, Inc. v. Roscoe-Ajax
Constr. Co., 258 F. Supp. 1005, 1009–12 (S.D. Cal. 1966) (concluding
provisions vesting jurisdiction in federal court on filing of an application to
confirm an arbitration award do not contemplate situation wherein jurisdiction
over the case vested in state court that considered and ruled on initial
proceedings). 

Here, the application to compel arbitration was filed in the Nueces
County district court where Ragsdale’s lawsuit was pending.  The trial court
compelled arbitration and its abatement order only abated Ragsdale’s suit
“while the case proceeds to arbitration.” By the plain terms of the abatement
order, the case was no longer abated once arbitration was concluded.  Because
the award which Ragsdale sought to confirm involved the same dispute as the
lawsuit she initially filed in Nueces County, and because the motion to compel
arbitration was made in the Nueces County district court, it was proper for the
trial court to confirm the arbitration award.  

To the extent CHRISTUS Health’s jurisdiction complaint is
premised on traditional notions of personal jurisdiction, we observe the
following.  After the arbitration award was delivered, Ragsdale named CHRISTUS Health in her motion to confirm the arbitration
award.  CHRISTUS Health thereafter
filed both CHRISTUS Health’s motion to transfer venue
and its motion for continuance on [Ragsdale’s] motion to confirm arbitration
award in the trial court.  No new service was required because CHRISTUS Health made a general appearance by
filing motions in the trial court, and thereby submitted itself to the personal
jurisdiction of the trial court.  See Tex.
R. Civ. P. 121; see also Smith v. Lippmann, 826 S.W.2d 137, 138
(Tex. 1992) (holding letter to court constituted an answer); Torres v.
Johnson, 91 S.W.3d 905, 910 (Tex. App.—Fort Worth 2002, no writ) (concluding
party appeared in case by moving for summary judgment); Fridl v. Cook, 908 S.W.2d 507, 515 (Tex. App.—El Paso 1995,
writ dism’d w.o.j.) (interpreting party’s moving to compel arbitration and stay
litigation as a general appearance).  In addition, CHRISTUS Health’s attorney announced during
the hearing that he was appearing both on behalf of CHRISTUS Spohn and CHRISTUS Health at the hearing on Ragsdale’s motion to confirm the
arbitration award, and he thereafter argued for and sought relief on behalf of
CHRISTUS Health.  When a defendant’s attorney enters an appearance in open
court, such appearance shall have the same force and effect as if the citation
had been duly issued and served as provided by law.[7]   Tex. R. Civ. P. 120.  Any defect in
service is cured by a general appearance.  See Baker v. Monsanto Co., 111 S.W.3d 158, 160–61
(Tex. 2003).  CHRISTUS Health’s first sub-issue is
overruled.     

B.  Dominant Jurisdiction            

     In its second sub-issue, CHRISTUS Health argues that the
Nueces County district court erred in failing to defer to the case it filed in
Harris County, which it considers the first filed matter.  CHRISTUS Health
argues that since it was not originally named as a party in the Nueces County
lawsuit, that the Harris County lawsuit it filed after the arbitration
proceedings was the first lawsuit to be filed and thus obtained dominant
jurisdiction.  We disagree.  

        Dominant
jurisdiction excludes other courts from exercising jurisdiction over the same
case.  Curtis v. Gibbs, 511 S.W.2d 263, 267 (Tex. 1997).  The
long-standing Texas common law rule is that the first court to acquire
jurisdiction over the subject matter and the parties of a controversy has
dominant jurisdiction over all other courts.  Joe Williamson Constr. Co. v.
Raymondville Indep. Sch. Dist., 251 S.W.3d 800, 805 (Tex. App.—Corpus
Christi 2008, no pet.) (citing Cleveland v. Ward, 285 S.W. 1063, 1070
(Tex. 1926) (applying dominant-jurisdiction rule in the arbitration context); see
also BHP Billiton Petroleum (Americas), Inc. v. Atlanta Offshore Ltd.,
312 S.W.3d 813, 821 (Tex. App.—Houston [1st Dist.] 2009, orig. proceeding)
(applying dominant-jurisdiction rule in the arbitration context).  Where
jurisdiction has attached, the district court has the power to permit the
pleadings to be amended, new parties to be added, to determine all essential
questions, and to do anything with reference thereto authorized by law.  Williamson
Construction Co., 251 S.W.3d at 805; San Miguel v. Bellows, 35
S.W.3d 702, 704 (Tex. App.—Corpus Christi 2000, pet. denied).  

            The
Nueces County district court had jurisdiction over both the subject matter and
the parties in this lawsuit, and thereby obtained dominant jurisdiction over
this matter.  The record shows the Nueces County lawsuit was filed in the trial court on June 20, 2008,
whereas the Harris County lawsuit was not filed until December 22, 2009.  The
fact CHRISTUS Health was arguably not actually named in the Nueces County
lawsuit until after CHRISTUS Health had filed its own lawsuit in Harris County
is irrelevant.  See Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245, 248
(Tex. 1988) (explaining that for dominant jurisdiction to attach, it is not
necessary that all parties be included in the first action before the second is
filed).  The question of dominant jurisdiction is based upon whether the
first court had jurisdiction over both the subject matter and the parties in the first lawsuit.  Upon
that event, the court obtains dominant jurisdiction over the matter, and the
pleadings can be amended, new parties can be added, and the court is authorized
to determine all essential questions and perform any act permitted by law.  See
id.    

In this case, the Nueces County and Harris County lawsuits
involve the identical subject matter—recovery of damages by Ragsdale for an
injury sustained while working as a nurse at CHRISTUS Spohn Hospital Corpus
Christi—Memorial in Corpus Christi, Texas.  Further, CHRISTUS Health has not
challenged the trial court’s jurisdiction over CHRISTUS Spohn in this lawsuit. 
The fact that CHRISTUS Health was later added into the lawsuit does not affect
the trial court’s jurisdiction.  We also note that principles of equity estop
CHRISTUS Health from disputing the trial court’s dominant jurisdiction in this
case because of its stipulation and representation in the arbitration
proceeding that changing the name of the party defendant made “no difference”
to “anything at all.”  See Miles v. Ford Motor Co., 914 S.W.2d 135, 138
(Tex. 1995) (recognizing exception to rule of dominant jurisdiction when a
party engages in inequitable conduct that estops it from asserting prior active
jurisdiction).  CHRISTUS Health’s second sub-issue is overruled.

 

C.  
 Request
for Hearing on Motion to Transfer Venue

By its third sub-issue, CHRISTUS Health claims that the trial
court erred in refusing its request for a venue hearing prior to ruling on
Ragsdale’s motion to confirm the arbitration award.  We disagree.  We review a
trial court’s denial of a request for a hearing on a motion to transfer venue
for an abuse of discretion.  See Carlile v. RLS Legal Solutions, Inc., 138 S.W.3d 403, 408 (Tex.
App.—Houston [14th Dist.] 2004, no pet.).  At the end of the confirmation
hearing, the following dialogue occurred as the trial was working on its
judgment: 

CHRISTUS Counsel:          Respectfully, Your Honor,
if I could be allowed, just so there’s no question of preservation.  We timely
filed a motion for — to transfer venue prior to this hearing as a first filed. 
I’m not 100 percent sure we filed a request for hearing on that motion, if I
may be allowed here today to formally make that request for a hearing if that
was not implicit in my argument, so that we have a record that we not only
filed the motion but made a request for hearing before this judgment was
signed.

 

Court:                                     All right.
Sure. 

 

* * * * *

 

CHRISTUS Counsel:          And again, specifically for
the record, my request for a hearing on my venue motion is also denied, Your
Honor?

 

Court:                                     Yes
. . . . 

In its motion to transfer venue, CHRISTUS Health states the
motion is filed under rule 86 of the Texas Rule of Civil Procedure.  See Tex. R. Civ. P. 86.  Assuming without
deciding rule 86 applies in this context, rule 87 provides “[e]xcept on leave
of court, each party is entitled to at least 45 days notice of a hearing on the
motion to transfer [venue].”  See Id. at R. 87.   A party filing a venue motion has the burden to
diligently request a setting on the motion and to obtain a ruling prior to a
trial on the merits.  See Tex. R.
Civ. P. 87(1); Carlile, 138 S.W.3d at 408; Cliff Jones,
Inc. v. Ledbetter, 896 S.W.2d 417, 418 (Tex. App.—Houston [1st Dist.] 1995,
no writ); Whitworth v. Kuhn, 734 S.W.2d 108, 111 (Tex. App.—Austin 1987,
no writ).  A delay in obtaining a hearing can provide a basis for the trial
court to deny a venue motion.  See Bristol v. Placid Oil Co., 74 S.W.3d
156, 160 (Tex. App.—Amarillo 2002, no pet.). 

             The record shows Ragsdale filed her
motion to confirm on March 5, 2010.  CHRISTUS Health filed its motion to
transfer venue at 4:29 p.m. on May 13, 2010, the Thursday[8] before the May
17th hearing on Ragsdale’s confirmation motion.  Although CHRISTUS Health states
in its subsequent motion for a continuance that it requested a hearing on is
motion to transfer venue, neither the venue motion nor the appellate record show
any request for a hearing on the motion to transfer venue prior to the
confirmation hearing.  Rather, the record shows CHRISTUS Health requested a
hearing on its motion to transfer venue at the end of the confirmation hearing
as the trial court was literally writing in missing information to complete its
judgment in this case.[9] 


In light of CHRISTUS Health’s delay in requesting a venue
hearing, we conclude the trial court did not abuse its discretion in denying its
request for a hearing on its motion to transfer venue.  See Ledbetter, 896
S.W.2d at 418–19.  We overrule appellant’s third sub-issue.  

D.  Motion for Continuance

By its fourth sub-issue, CHRISTUS Health argues that the
trial court abused its discretion in denying its motion for continuance.  We
disagree.  We review a
trial court's denial of a motion
for continuance under an abuse-of-discretion standard.  See Carpenter v. Cimarron
Hydrocarbons Corp., 98 S.W.3d 682, 685 (Tex. 2002).  CHRISTUS Health’s
motion for continuance was filed Friday, May 14, 2010, at 4:33 p.m.  The
confirmation hearing occurred on the following Monday, May 17, 2010, and the
record is silent concerning any request for a hearing on that motion.  

Texas courts applying the FAA follow Texas rather than
federal procedure.  See In re Palacios, 221 S.W.3d 564, 565 (Tex. 2006)
(orig. proceeding).  Nevertheless, it is important for federal and state law to
be as consistent as possible, because federal and state courts have concurrent
jurisdiction to enforce the FAA.  See id.  Section 6 of the FAA provides
that an application to confirm an arbitration award shall be heard in the
manner and with the notice required for making and hearing a motion filed in a
pending civil action in district court.  See 9 U.S.C. § 6.  The purpose of this rule is to
expedite judicial handling of matters pertaining to arbitration.  See Crossmark,
Inc. v. Hazar, 124 S.W.3d 422, 430 (Tex. App.—Dallas 2004, pet. ref’d).   

CHRISTUS Health filed its motion for continuance under rule
251 of the Texas Rules of Civil Procedure.  See Tex. R. Civ. P. 251.  Rule 251 provides a continuance shall
only be granted on “sufficient cause supported by affidavit.”  Id. 
Whether a party delayed unreasonably in bringing its motion for continuance is
a factor a reviewing court may consider in determining whether a trial court
abused its discretion in denying a motion for continuance.  Beutel v. Dallas
County Flood Control Dist, No. 1, 916 S.W.2d 685, 693 (Tex. App.—Waco 1996,
writ denied) (holding trial court did not abuse its discretion in denying
motion for continuance filed one week before trial when motion could have been
brought several months earlier).    

CHRISTUS Health sought a continuance of the confirmation
hearing on four grounds:  (1) CHRISTUS Health had not appeared in the Nueces
County lawsuit prior to filing its motion to transfer venue and therefore did
not consider itself a party in the Nueces County lawsuit; (2) CHRISTUS Health believed
the Nueces County lawsuit was still abated;  (3) CHRISTUS Health desired a
ruling on its motion to transfer venue prior to the confirmation hearing; and (4)
CHRISTUS Health’s suit in Harris County which it claimed was first-filed was
still pending, though an abatement order was forthcoming.  In the motion for
continuance, CHRISTUS Health states that Ragsdale’s motion to abate the Harris County
proceeding was pending in Harris County district court and set for hearing on
June 11, 2010.   The transcript of the confirmation hearing shows that by the
time of the confirmation hearing, the parties knew the case in Harris County
would in all likelihood be abated.  

Assuming without deciding rule 251 applies in this context,
in light of congressional intent that arbitration proceedings be expedited and
that confirmation hearings follow civil motions practice, we hold that under
the facts of this case, the trial court’s denial of CHRISTUS Health’s motion
for a continuance was not an abuse of discretion.  See 9 U.S.C. § 6; Hazar,
124 S.W.3d at 430.  As set forth above in this opinion, each of CHRISTUS
Health’s grounds for seeking a continuance lacks merit, and its motion for
continuance was filed on the eve of the confirmation hearing, when it could
have been filed at least two months earlier.   See
Tex. R. Civ. P. 251; Beutel,
916 S.W.2d at 693.  We overrule appellant’s fourth sub-issue.  

IV.  Conclusion

Having overruled CHRISTUS Health’s sole issue on appeal,
including all sub-issues, we affirm the trial court’s judgment.

                                                                        ____________________________

                                                                        Gregory
T. Perkes

                                                                        Justice

 

Delivered
and filed the

31st
day of August 2011.

 

 









[1] During arbitration, Ragsdale agreed to dismiss all of her
claims against CHRISTUS Spohn, based upon CHRISTUS
Health’s representations that it was the proper party and substituting it for
CHRISTUS Spohn was inconsequential.  Ragsdale’s “Motion to Confirm Arbitration
Award” is styled only in the name of CHRISTUS Health and only seeks relief
against CHRISTUS Health.  CHRISTUS Spohn is neither
mentioned in the motion or the final judgment (order confirming award). 

            





[2] The motion generally sought abatement of the proceedings while
the parties proceeded to arbitration
under the terms of the Texas Occupational
Injury Assistance Plan (the
Plan). The agreed order states in pertinent part:  “IT
IS THEREFORE ORDERED, ADJUDGED AND DECREED that this case is abated while the
case proceeds to arbitration, as agreed to by the parties.”  

   





[3] After the arbitrator’s award was
entered, CHRISTUS Health began arguing that Ragsdale’s suit against CHRISTUS Spohn instead of CHRISTUS
Health was a misidentification instead of a misnomer, and that it was
not a party to the Nueces County proceeding.

 





[4] During oral
argument, CHRISTUS Health’s counsel stated that:  “I was present at the
arbitration along with another counsel . . . there is no question of
authority.  We’re not contesting the authority of anyone.  There were proper
representatives at the arbitration.  I do not disavow the statement nor do I
challenge the section of the record appellee has submitted ….” 

 





[5] CHRISTUS Spohn did not file a notice of appeal and is not a
party to this appeal.  The trial court’s order included language that “This
judgment is final, disposes of all claims and parties.  All relief requested
that is not expressly granted is denied.”  As such, the order effectively
dismissed CHRISTUS Spohn from this lawsuit.  See Moritz v.
Preiss, 121 S.W.3d 715, 718–19 (Tex. 2003); John
v. Marshall Health Servs., Inc., 58 S.W.3d 738, 740 (Tex. 2001)
(presumption of finality).





[6] CHRISTUS Health
does not challenge subject matter jurisdiction, though it generally asserts the
trial court did not have jurisdiction over it.  CHRISTUS Health has not filed a special appearance; a special
appearance is not available for a resident of this State.  See Tex. R. Civ. P. 120a.





[7]  Estoppel also should be noted with respect to the
arbitration and confirmation proceedings.  A
party cannot complain on appeal the trial court took a specific action the
complaining party requested. Tittizer v. Union
Gas Corp., 171 S.W.3d 857, 862 (Tex. 2005).  "The invited error doctrine applies to situations
where a party requests the court to make a specific ruling, then complains of
that ruling on appeal." In re Dep't of Family & Protective Servs., 273 S.W.3d 637, 646 (Tex. 2009).  The principle is one of estoppel
in the interest of a sound administration of the laws whereby the regularity or
even validity of an act procured by one himself cannot be raised—not that the
act is valid, for it may not be, and estoppel does not make valid the thing
complained of, but merely closes the mouth of the complainant.” Spence v.
State National Bank, 5 S.W.2d 754, 756 (Tex. 1928); Wackenhut
Correctional Corp. v. De La Rosa, 305 S.W.3d 594, 624 (Tex. App.—Corpus Christi 2009,
no pet.).





[8] 
We hereby take judicial notice that May 13, 2010 was a Thursday and that, May
17, 2010, was a Monday.  See e.g., In re Baylor Med. Ctr. at Garland, 280 S.W.3d 227, 229 n.6 (Tex. 2008) (orig. proceeding) (taking
judicial notice sua sponte that trial judge had been replaced by
election during pendency of mandamus case).

 





[9] CHRISTUS Spohn did not file a motion to transfer venue and
never challenged venue in the Nueces County lawsuit.